IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:     3:08cr3/MCR
                                                      3:11cv102/MCR/EMT
TERRILL LEWIS

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct
sentence pursuant to 28 U.S.C. § 2255 and memorandum in support (docs. 112, 133). The Government
has filed a response (doc. 118), and Defendant has filed a reply (doc. 123). The case was referred
to the undersigned for the issuance of all preliminary orders and any recommendations to the district
court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed.
R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion
of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that
the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND

Defendant was charged in a two-count indictment with possession of a firearm and ammunition
by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute a
controlled substance (cocaine, cocaine base, and marijuana) in violation of 21 U.S.C. § 841(a)(1)
(doc. 14). The Government filed a Notice of Enhancement Information to establish Defendant's prior
conviction for a drug trafficking offense (doc. 19).

On February 14, 2008, the defense filed a "Motion to Determine Competency of Defendant"
(doc. 22). The court granted the motion, and thereafter the report of the psychological examination
was made part of the record, under seal (docs. 23, 24). The district court held a competency hearing
after which it concluded that Defendant was mentally incompetent to assist in his own defense and

ordered him committed to the custody of the Attorney General to be hospitalized for treatment to determine whether he would attain the capacity to stand trial (doc. 27). Based on the contents of an updated psychiatric report prepared by Bureau of Prisons ("BOP") examiners, the district court held another competency hearing on November 12, 2008, after which it concluded that Defendant was competent to stand trial (docs. 28, 33, 36). The court noticed a change of plea hearing for November 14, 2008, but Defendant changed his mind and decided not to enter a guilty plea (docs. 35, 37).

On November 25, 2008, Defendant's attorney, E. Brian Lang, filed a motion to withdraw as attorney due to "irreconcilable differences" (doc. 41), which motion was granted (doc. 42). CJA attorney Sharon Wilson then appeared on Defendant's behalf (docs. 45, 52), and trial was continued from December 1, 2008 to March 2, 2009 (docs. 32, 44, 46).

On February 24, 2009, Defendant's new counsel filed a "Motion to Determine Competency of Defendant," in which she indicated that an expert was needed to determine whether Defendant understood the nature and consequences of the proceedings and was able to assist counsel in the preparation of his defense (doc. 53). The Government opposed the motion, suggesting that Defendant's behavior was not an abnormal reaction for someone in his circumstances facing a significant term of incarceration and that he was "purposefully refusing to aid his counsel" (doc. 54 at 3). The court denied the motion after a hearing (docs. 55, 58, 59).

Defendant proceeded to trial, and the jury convicted him on both counts of the indictment (doc. 65).

The Presentence Investigation Report ("PSR") was disclosed to the defense on April 23, 2009 (doc. 69). Defendant was held accountable for 131.58 kilograms of marijuana, which corresponded to a base offense level of 26 (PSR ¶¶ 19, 28). He received a two-level adjustment for his possession of a firearm (PSR ¶ 29) and a two-level adjustment for obstruction of justice due to his false testimony at trial (PSR ¶ 32) and thus had an adjusted and total offense level of 30 (PSR ¶¶ 33, 35, 37). Defendant had a criminal history category of II due to a prior conviction for delivery of cocaine (PSR ¶¶ 42, 44). His advisory guidelines range was 108 to 135 months, and he was sentenced to a term of 120-months imprisonment on each count, to run concurrently (doc. 71).

Defendant raised two issues on appeal.  First, he raised a claim of prosecutorial misconduct in closing arguments (doc. 106 at 4).  Next he challenged the district court's determination that he was competent to stand trial (*id*. at 8).  His convictions were affirmed (*id.* at 10).

In the present motion, defendant raises four claims of ineffective assistance of counsel and/or trial court error.  The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

### General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; Thomas v. Crosby, 371 F.3d 782, 811 (11th Cir. 2004); United States v. Phillips, 225 F.3d 1198, 1199 (11th Cir. 2000).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981); Hidalgo v. United States, 138 F. App'x 290 (11th Cir. 2005).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  Nyhuis, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or

supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. <u>Lynn</u>, 365 F.3d at 1234–35; <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998); <u>McKay v. United States</u>, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." <u>Lynn</u>, 365 F.3d at 1232 n.14 (quoting <u>Mills</u>, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." <u>Lynn</u>, 365 F.3d at 1234; <u>Bousley</u>, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." <u>Lynn</u>, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See* <u>Nyhuis</u>, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. <u>Massaro v. United States</u>, 538 U.S. 500, 503 (2003); *see also* <u>United States v. Patterson</u>, 595 F.3d, 1324, 1328 (11th Cir. 2010). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984). To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Id.,* 466 U.S. at 686; <u>Williams v. Taylor</u>, 529 U.S. 362, 390 (2000); <u>Gaskin v. Secretary, Dept. of Corrections</u>, 494 F.3d 997, 1002 (11th Cir. 2007). "<u>Strickland</u>'s two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." <u>Yordan v. Dugger</u>, 909 F.2d 474, 477 (11th Cir. 1990) (*citing* <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985)); <u>United States v. Pease</u>, 240 F.3d 938, 941 (11th Cir.

2001).  In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  466 U.S. at 697.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688; *see also* Dingle v. Secretary for Dept. of Corrections, 480 F.3d 1092, 1099 (11th Cir. 2007). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." Yordan, 909 F.2d at 477 (citing Harich v. Dugger, 844 F.2d 1464, 1469 (11th Cir. 1988); Dingle, 480 F.3d at 1099; Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")).  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315 (en banc)).  When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993).  A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687).  Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. <u>Smith v. White</u>, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the <u>Strickland</u> test. <u>Wilson v. United States</u>, 962 F.2d 996, 998 (11th Cir. 1992); <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1991); <u>Stano v. Dugger</u>, 901 F.2d 898, 899 (11th Cir. 1990) (citing <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977)); <u>United States v. Ross</u>, 147 F. App'x 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." <u>Chandler</u>, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. <u>Dingle</u>, 480 F.3d at 1099; <u>Williamson v. Moore</u>, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" <u>Dingle</u>, 480 F.3d at 1099 (quoting <u>Adams v. Wainwright</u>, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." <u>United States v. Morrow</u>, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See* <u>Chandler v. McDonough</u>, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing <u>Drew v. Dept. of Corrections</u>, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); <u>Hill v. Moore,</u> 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); <u>Ferguson v. United States</u>, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. <u>Peoples v.</u>

Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  Lynn, 365 F.3d at 1239.

Ground One: Counsel's failure to object to court's subject matter jurisdiction

Defendant contends that counsel was constitutionally ineffective for failing to challenge federal jurisdiction over count one of the indictment, the violation of 18 U.S.C. § 922(g)(1).  Defendant's argument is squarely foreclosed by circuit precedent specifically holding that 18 U.S.C. § 922(g)(1) withstands constitutional scrutiny under the commerce clause.  United States v. Scott, 263 F.3d 1270, 1273 (11th Cir. 2001); United States v. Jordan, 635 F.3d 1181, 1189 (11th Cir. 2011) (citing Scott); United States v. Corey, No. 12-15258, 2013 WL 2450747 (11th Cir. June 4, 2013) (same).

Counsel is not constitutionally ineffective for failing to preserve or argue a meritless claim. Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also* Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); Chandler v. Moore, 240 F.3d 907 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); Meeks v. Moore, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit).  Because a jurisdictional challenge was foreclosed by controlling circuit precedent, Defendant is not entitled to relief on this claim.

Ground Two: Counsel's failure to object to the Jury Instructions

In Defendant's second ground for relief, he contends that counsel was constitutionally ineffective for her failure to object to the court's "directing a verdict" for the Government (doc. 113 at 14) (emphasis omitted).  He claims that the way the jury instructions were drafted the jury was instructed that "it is a **Fact** that the [Defendant] knowingly and willfully possessed with intent to distribute cocaine, cocaine base OR marijuana . . . ." (*id.*).  Defendant's interpretation of the jury instructions is mistaken; the court did not direct a verdict for the Government.

The court instructed the jury that Defendant could be convicted on Count Two only if the following facts were proven beyond a reasonable doubt:

| | |
|---|---|
| <u>First</u>: | That the Defendant knowingly and willfully possessed cocaine, cocaine base or marijuana as charged; and |
| <u>Second</u>: | That the Defendant possessed one or more of these substances with the intent to distribute it. |

(Doc. 63 at 12). Clearly, this language explains the Government's burden, rather than directing a verdict against Defendant, as he suggests.

Defendant also contends that counsel was ineffective for her failure to object to the verdict form because it did not require the jury to specifically identify the substance involved in the offense conduct. Defendant asserts that counsel should have objected to the court's instruction to the jury that in order to find Defendant guilty on Count Two, it need only find that he possessed with intent to distribute only one of the drugs charged in the indictment. Defendant contends that this was error because the indictment charged him in the conjunctive.

"Where the language of a statute proscribes several means by which the defendant might have committed a violation, the government may plead the offense conjunctively and satisfy its burden of proof by any of the means." <u>United States v. Cornillie</u>, 92 F.3d 1108, 1110 (11th Cir. 1996) (citing <u>United States v. Burton</u>, 871 F.2d 1566, 1573 (11th Cir. 1989)); <u>United States v. Simpson</u>, 228 F.3d 1294, 1300 (11th Cir. 2000); <u>United States v. Perez</u>, 350 F. App'x 425, 429 (11th Cir. 2009) (citing <u>Cornillie</u>); *see also* <u>United States v. Morales-Martinez</u>, 496 F.3d 356, 358 (5th Cir. 2007) ("[a] disjunctive statute may be pleaded conjunctively and proven disjunctively") (citing <u>United States v. Still</u>, 102 F.3d 118, 124 (5th Cir. 1996)); *see also* <u>United States v. Dickey</u>, 102 F.3d 157, 164, n.8 (5th Cir. 1996) (citation omitted, applying same rationale to indictment for violation of 924(c), which was pleaded in the conjunctive while the statute and jury charge were in the disjunctive). This principle has expressly been found applicable to controlled substance offenses. *See* <u>United States v. Nelson</u>, 321 F. App'x 904, 907 (11th Cir. 2009) (disjunctive jury instructions did not constructively modify indictment charging conspiracy involving multiple controlled substances in the conjunctive); <u>United States v. Ellwood</u>, 188 F. App'x 935, 938–39 (11th Cir. 2006) (same); <u>United States v. Wright</u>, 164 F. App'x 809, 815 (11th Cir. 2006) (same; case involved both conspiracy and simple possession charges). Counsel is not constitutionally ineffective for failing to pursue either of the meritless issues raised in Defendant's second ground for relief, <u>Freeman</u>, <u>Brownlee</u>, <u>Chandler</u>, *supra*, and Defendant is not entitled to relief.

Ground Three: Counsel's Failure to Object to Obstruction Enhancement

Defendant received a two-level adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1 due to his untruthful testimony at trial. The probation officer identified the following facts as material facts to which Defendant testified untruthfully:

> Lewis testified that he did not reside at [XXXX] Pennsylvania Avenue in Pensacola Florida; he testified that he was never read his Miranda right [sic] by a law enforcement officer; he testified that DEA SA Cosey threatened him with his service weapon in order to get a statement out of him; he testified that the firearm (shotgun) did not belong to him; and Lewis testified that the illegal drugs did not belong to him.

(PSR ¶ 22). Defendant denied that he had been living or staying at the residence where the drugs and firearm were recovered, or that he had provided that address to anyone (although he was present at 5:30 a.m. when the warrant was executed), and he claimed that he had admitted possession of the drugs and firearm only to "save" his girlfriend and children, although none of the items were his (*see* doc. 95 at 25–46). In returning its guilty verdict, the jury clearly rejected this testimony as false (docs. 62, 65).

In order to obtain relief on a claim of ineffective assistance of counsel that is based on an alleged error committed by the district court, the Eleventh Circuit has stated that the error "must at least satisfy the standard for prejudice that we employ in our review for plain error." Gordon v. United States, 518 F.3d 1291, 1298 (11th Cir. 2008). Defendant must establish a reasonable probability that the outcome of the sentencing proceeding would have been different if counsel had objected. *Id.* Thus, if the objection to the application of the adjustment is without merit, counsel's performance is not constitutionally deficient. *See* Lattimore v. United States, 345 F. App'x 506, 508 (11th Cir. 2009).

The Eleventh Circuit has stated that although it is preferable that the district court make specific findings as to each alleged instance of obstruction by identifying the materially false statement individually, it is sufficient if the court makes a general finding of obstruction of justice that encompasses all of the factual predicates of perjury. United States v. Argued as, 86 F.3d 1054, 1059 (11th Cir. 1996) (citing United States v. Dunnigan, 507 U.S. 87, 95 (1993)); United States v. Pelle, 263 F. App'x 833, 841–42 (11th Cir. 2008); United States v. Tannehill, 305 F. App'x 612, 615 (11th Cir. 2008). In this case, the district court found the final PSR to be accurate and incorporated it into

Defendant's sentence (doc. 96 at 30). As such, it made a "general finding" regarding Defendant's obstruction. *See* <u>United States v. Smith</u>, 231 F.3d 800, 820 (11th Cir. 2000); <u>United States v. Hubert</u>, 138 F.3d 912, 915 (11th Cir. 1998). The district court's finding was supported by applicable law. A witness commits perjury if he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." <u>Dunnigan</u>, 507 U.S. at 94. Perjury under oath on material matters, not due to confusion or mistake, justifies an enhancement for obstruction of justice. <u>United States v. Williams</u>, 627 F. 3d 839, 845 (11th Cir. 2010) (internal quotations and citation omitted). The comment to § 3C1.1 defines "material" evidence as "evidence, fact, statement or information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment (n.6). Thus, the adjustment was warranted based on Defendant's attempt to maintain his factual innocence, through his own testimony under oath, of the charges against him, and counsel was not constitutionally ineffective for her failure to object. <u>Freeman</u>, <u>Brownlee</u>, <u>Chandler</u>, *supra*. Defendant is not entitled to relief.

<u>Ground Four: Counsel's Failure to Appeal Denial of Downward Departure</u>

Defendant's last claim for relief is that the district court erred in not granting counsel's motion for a downward departure due to his diminished mental capacity, and that counsel was constitutionally ineffective for failing to raise this issue on appeal.

As noted above, the district court held two competency hearings in this case. The first one was held on March 11, 2008, after Defendant had been evaluated by Dr. James Larson (docs. 24, 26, 90). At that time, the Government stated it recognized Dr. Larson's conclusion that Defendant understood the adversarial process but was unable to assist in his defense, but explained that in an abundance of caution it had pulled the records of Defendant's phone calls from the jail in an attempt to shed further light on the issue (doc. 90 at 2–3).[1] The AUSA listened to about ten of the 300 calls Defendant had made from the jail. During these calls Defendant told a female that she and Defendant would be able to have real contact visits when he was sent off to the mental health facility, that the Government may cut him loose because it was too much trouble to deal with him, and that the Government did not have

---

[1] Dr. Larson offered no opinion about Defendant's mental state at the time of the offense conduct (doc. 24).

a case against him because the agents took notes rather than record his interview (*id*. at 3–4). Defendant also discussed the cocaine and firearms in the house and the reasons they were there (*id*. at 4). After outlining the contents of Defendant's conversations, the Government nonetheless stipulated to Dr. Larson's report, and noted that Defendant's lack of helpfulness may not necessarily mean he is incompetent (*id*. at 4–5). Due to the Government's stipulation to the contents of the report, the court indicated that it did not need to make any finding concerning the new information the Government placed in the record. It ordered Defendant to be transported to a BOP facility for treatment and a determination as to whether he would ultimately be able to assist counsel in his defense (*id*. at 5–6).

The second competency hearing was held on November 12, 2008. At this hearing the parties stipulated to Defendant's competency to stand trial based on a report prepared by BOP mental health professionals (docs. 28, 91). That report reflected that Defendant told BOP examiners that he had not deliberately attempted to mislead Dr. Larson during the "15-minute" interview, but that he "was being sarcastic" with Dr. Larson and that he "just said anything" because he "didn't want to not cooperate" (doc. 28 at 7). Defendant adamantly denied a history of mental health problems or treatment (*id*.), a statement that was confirmed by his girlfriend (*id.* at 8). The BOP mental health professionals concluded that Defendant had a rational and factual understanding of the charges and proceedings against him, and that Defendant would be able to assist in his defense if he chose to do so (*id*. at 17). The district court adopted the findings contained within the report and told the parties that it would confirm the court's schedule regarding the Defendant's change of plea hearing (doc. 91 at 3–5).[2]

In February of 2009, Defendant's new attorney, Sharon Wilson, filed a "Motion to Determine Competency of Defendant" (doc. 53). At a hearing on the motion, counsel advised the court that while she had no concerns about Defendant's competency initially, during her most recent meeting with him he did not seem to understand the scope of the charges, what they were supposed to be doing, or the

---

[2] Although the cover page of the hearing transcript reflects that Defendant was represented by Sharon Wilson at the competency hearing, this is inaccurate. From the transcript itself, it is clear that Mr. Lang represented Defendant at the November 12, 2008 hearing. Mr. Lang was also present at the plea proceedings two days later (contrary to the what is reflected on the cover page of the transcript), but Defendant indicated to the court at that time that he had a problem with counsel (doc. 92 at 4, 6). It was shortly after that, on November 25, 2008, that Mr. Lang moved to withdraw (doc. 41).

whole purpose of the trial (doc. 93 at 2–3).  Counsel said that she was unable to get any meaningful feedback from Defendant about the trial, and she expressed her concern about him being able to participate the way he should (*id*. at 3).  The court denied the motion, stating on the record:

> I reviewed the record very carefully before coming in today to see if I had any bonafide doubt or concern about Mr. Lewis' competency, and I don't.  I don't have any doubt about his competency, and I continue to accept, as we all did here in this courtroom back in November, his competency based on the findings of the Bureau of Prisons' professionals after four months of observing him and interacting with him and testing him, interviewing him.  Those were the conclusions that were reached by the BOP, and I adopted and concur with them, and I don't see any reason or hear any reason to question that finding today.
> . . .
> My belief is that Mr. Lewis is not unable but unwilling to accept any resolution of these charges that does not result in his release from custody.

(Doc. 93 at 5–6).  The court drew the parties' attention to two items of correspondence from Defendant regarding his case, and said to Defendant that all of this "[demonstrates] to the Court unquestionably, even notwithstanding the recommendations of the Bureau of Prisons, that you have a rational understanding, both factually and legally of the charges in this case, the proceedings in the case and that you are in fact able to assist your counsel if you choose to do so" (*id*. at 7).  The court then told Defendant that it was up to him whether he wanted to assist counsel, noting that in Defendant's correspondence to prior counsel Lang Defendant had offered Lang some possible defenses, and the court suggested that he share these ideas with attorney Wilson (*id*. at 7–8).  The court reiterated that whether Defendant chose to assist counsel and engage in the proceedings was up to him, but that it had no doubt about Defendant's competence (*id*. at 8).

Defendant's mental health history was discussed at sentencing (doc. 96 at 9–10, 13–27).  The court indicated that because none of Defendant's alleged mental health history was "documented" (and Defendant had denied having any mental health history to the BOP), it had nothing to take into account with respect to sentencing (*id.* at 13).  Counsel made an oral request for the first time at sentencing that the court make a downward departure under § 5K2 based on Defendant's diminished capacity (*id.* at 14, 25).[3]  Although counsel cited the BOP's findings that Defendant had "some issues with

---

[3]Counsel used the phrase "diminished capacity," which is specifically addressed in U.S.S.G. § 5K2.13.  This section provides for a downward departure if "(1) the defendant committed the

concentrating and focusing . . . emotional reactivity [and] depression and anxiety," the court observed that all of these are commonplace in a case in which a defendant faces a lengthy incarceration (*id.* at 15–16). The court noted that it had already adopted the findings of the BOP and the forensic examiner that evaluated Defendant, and that those findings supported neither a downward departure nor "any consideration as far as his criminal culpability in this case" (*id.* at 34). The court denied the request for downward departure and explained the reasons underlying its decision (*id*. at 34). Defendant now contends that this decision was in error, and that counsel should have challenged the decision on appeal.

The record evidence as set forth herein reflects that the court's denial of the request for a departure was well-founded. The record contains no evidence of Defendant's mental capacity at the time of or leading up to the offense conduct, as required for a departure under § 5K2.13. And, even if it did, the second paragraph of § 5K2.13 expressly proscribes a downward departure when a defendant's mental infirmity is caused by the use of illegal drugs. U.S.S.G. § 5K2.13; *see also* United States v. Smith, 289 F.3d 696, 714 (11th Cir. 2002). This was present in the instant case (doc. 120, exh. C at 13).

Appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984) (citations omitted); *see also* Lambrix v. Singletary, 72 F.3d 1500, 1507 (11th Cir. 1996); United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000). A challenge to the district court's decision not to apply a downward departure based on Defendant's mental capacity would have been meritless. Furthermore, "unless the district court incorrectly believed that it lacked the authority to grant a downward departures," which is not the situation in this case, the Eleventh Circuit does not have jurisdiction to review its decision. United States v. Diaz, 377 F. App'x 883 (11th Cir. 2010) (citing United States v. Dudley, 463 F.3d 1221, 1228 (11th Cir. 2006)). As such, counsel was not ineffective for her failure to raise it.

Finally, to the extent Defendant claims that counsel should have raised an insanity defense (doc. 113 at 24), this claim is patently without merit, as there is absolutely no record evidence to support the presentation of such a claim. Not only is counsel not constitutionally ineffective for her

---

offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." U.S.S.G. § 5K2.13.

failure to raise frivolous issues, she is bound by her role as officer of the court not to raise such claims.  Freeman, Brownlee, Chandler, *supra*

### Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (doc. 112) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 27th day of June 2013.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**